IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **WILLIAM HARRISON,** | |
| Petitioner, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| vs. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | Case No. 2:13-CV-222-DAK |
| | The Honorable Dale A. Kimball |

This matter is before the court on Petitioner William Harrison's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On January 4, 2007, Mr. Harrison and a co-defendant were named in a six-count indictment charging, *inter alia*, armed bank robbery, in violation of 18 U.S.C. § 2113, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On March 24, 2009, Mr. Harrison pleaded guilty to two counts of discharging a firearm during a crime of violence, in violation of U.S.C. § 924(c). The other counts against him were ultimately dismissed.

Under the terms of a signed "Statement By Defendant in Advance of Plea of Guilty," Mr. Harrison agreed to plead guilty to Counts IV and V of the Indictment (two of the § 924(c) counts); to accept responsibility for all three armed bank robberies, including restitution to the victims; and to waive his appellate and collateral review rights.

In exchange for his plea, the Government agreed to recommend a sentence of the minimum mandatory 10 years incarceration for Count IV and 25 years incarceration for Count V, for a total of 35 years. The court accepted the plea, and, on June 3, 2009, sentenced Mr. Harrison to

thirty-five years' imprisonment. Mr. Harrison did not file a direct appeal.

On March 1, 2013, Mr. Harrison placed in the prison mailing system a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Harrison's motion claims that he received ineffective assistance of counsel because his counsel failed to perform sufficient pre-trial investigation and failed to provide Mr. Harrison with an understanding of the law in relation to armed bank robbery. Mr. Harrison claims that he either would have received a more advantageous plea or would have gone to trial if his assistance of counsel were effective.

As an initial matter, Mr. Harrison's waiver of collateral review rights is valid and enforceable, but an exception to the waiver exists when the petitioner is claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. The Tenth Circuit has held that waivers of the right to collaterally attack a sentence are valid and enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). But there is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183 ("[A] waiver may not be used . . . to deny review of a claim that the agreement was entered into with ineffective assistance of counsel." (citation omitted)).

Even though Mr. Harrison's petition is not barred by his waiver of collateral review rights, his petition is barred by the statute of limitations and fails on the merits. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set

aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Harrison's underlying criminal case was entered on June 3, 2009. Mr. Harrison had 30 days to file an appeal, which he chose not to do. Therefore, the Judgment became final on July 4, 2009, and the one-year statute of limitations began to run. Absent an event restarting the one-year period, Mr. Harrison would be time barred from filing a petition after July 4, 2010, which would include his § 2255 petition, filed March 1, 2013.

Mr. Harrison argues that two Supreme Court cases asserted a new right that should have retroactive implications and that, therefore, restart the one-year period per 28 U.S.C. § 2255(f)(3). Mr. Harrison references *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) as cases that articulated a new standard for showing prejudice related to ineffective assistance of counsel.

In order for the one-year period to restart under 28 U.S.C. § 2255(f)(3), the Supreme Court must newly recognize a right and make the right retroactively applicable to cases on collateral review. The right at issue in the *Frye* and the *Lafler* cases is the Sixth Amendment right to effective assistance of counsel during plea negotiations. That right has long been recognized by the Supreme

Court. Although the *Frye* and *Lafler* cases clarify the extent of the right and the standard for applying the right, they do not newly recognize the existence of the right. Even if the cases did newly recognize the right, neither case expressly applies the right retroactively to cases on collateral review. Therefore, Mr. Harrison failed to demonstrate that the statute of limitations for his § 2255 claims should begin to run from a date other than the date the Judgment in his underlying criminal case became final. Accordingly, Mr. Harrison's § 2255 petition is time barred.

Even if this court were to consider Mr. Harrison's petition on its merits, the petition fails. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Petitioner has a burden to demonstrate that his attorney's performance was unreasonable under prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

Mr. Harrison's primary argument for ineffective assistance of counsel is that his counsel misunderstood and failed to inform him of the law in relation to armed bank robbery by force or violence. Mr. Harrison cites to *Simpson v. United States*, 435 U.S. 6 (1978) and to related cases to argue that it is improper to enhance the punishment for armed bank robbery under both 18 U.S.C. § 2113(d) and 18 U.S.C. § 942(c). Although Mr. Harrison correctly states the holding of the *Simpson* case, Mr. Harrison fails to recognize that "[s]ix years after *Simpson*, Congress amended § 942(c) to expressly provide that it applied to felonious crimes of violence including those which imposed enhanced punishments if committed by the use of a deadly weapon." *U.S. v. Shavers*, 820 F.2d 1375, 1377-78 (4th Cir. 1987). *See* 18 U.S.C. § 942(c) (clarifying that the statute applies to "a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed

by the use of a deadly or dangerous weapon or device"). Therefore, Mr. Harrison's petition based on ineffective assistance of counsel fails because Mr. Harrison failed to show that his counsel incorrectly understood or informed him of the applicable law.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Harrison has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Mr. Harrison wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Harrison's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it is barred by the statute of limitations and lacks merit.

DATED this 5th day of February, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge